T.C. Memo. 1999-144


UNITED STATES TAX COURT


MARIAN AND MARIA JUSKUV, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10725-97.                    Filed April 30, 1999.


Marian Juskuv, pro se.

<u>Louise R. Forbes</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial

Judge Stanley J. Goldberg, pursuant to the provisions of section

7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

and adopts the opinion of the Special Trial Judge which is set

forth below.

---

[1]     All section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

GOLDBERG, Special Trial Judge: Respondent determined a deficiency for 1995 in the amount of $3,914 and additions to tax pursuant to sections 6651(a)(1) and 6654 of $2,171 and $364, respectively.

After concessions, the issues for decision are: (1) Whether petitioners are entitled to deduct claimed Schedule C expenses and Schedule E losses; (2) whether petitioners are entitled to claim a $3,000 short-term capital loss on Schedule D for 1995; (3) whether petitioners are liable for an addition to tax pursuant to section 6651(a)(1); and (4) whether petitioners are liable for an addition to tax pursuant to section 6654.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time that the petition was filed, petitioners resided in Canton, Massachusetts. References to petitioner are to Marian Juskuv.

## Background

Petitioners emigrated from Slovakia to the United States in 1980. While living in Slovakia, petitioner earned a college degree in electronics from a technical college in Kosice. In 1995, petitioner worked as an electronics technician in Boston for Teradyne, Inc. Maria Juskuv was also employed during 1995

and worked for Faulkner Hospital in Jamaica Plain and the Hebrew Rehabilitation Center for the Aged in Roslindale.

Respondent's Andover, Massachusetts, Service Center received petitioners' 1995 Federal income tax return, Form 1040, on November 20, 1996, together with Forms W-2.  On line 7 of the Form 1040, petitioners reported wages of $78,613; and on line 22, total income of $78,613.  They claimed total adjustments to income on line 30 of $78,613 and adjusted gross income on line 31 of zero.  Thereafter, zero amounts were reported on line 37--taxable income, and line 54--total tax.  Petitioners requested a refund of $8,942, an amount representing their total Federal income tax withholding.  The return did not include Schedules C, D, and E.  Attached to the Form 1040 was a three-page "Affidavit and Statement" submitted by petitioners which set forth various tax protester arguments, rejected by this and other courts, in support of their claim that they owe no income tax.  Petitioners filed their return claiming married filing jointly status and two exemptions.

In the notice of deficiency dated April 18, 1997, respondent determined that petitioners failed to include $10,300 of taxable distributions in their gross income for 1995.  Respondent computed the deficiency as follows:

Adjustment to income                     $10,300
Taxable income per return          [1]67,063
Corrected taxable income          77,363

Tax--from tax tables                 16,595
Additional tax on IRA (10 percent)    1,030
Total corrected tax liability      17,625
Less:   Tax shown on return        13,711
Deficiency                         3,914

[1] This amount was computed as follows:

Wages per return                   $78,613
Total income                       78,613
Less:
   Standard deduction      $6,550
   Exemptions             5,000    11,550
   Taxable income               67,063

On the basis of the corrected tax liability of $17,625, less the income withholding of $8,942, respondent determined an addition to tax under section 6651(a)(1) of $2,171. Likewise, starting with the $17,625 amount, respondent also determined an addition to tax under section 6654(a) of $364.

Petitioners abandoned their tax protester arguments and filed a Second Amended Petition on March 30, 1998. In their amended petition, they claimed Schedule C expenses and Schedule E losses and a Schedule D capital loss.

Simultaneously with the filing of their amended petition, petitioners provided respondent with a revised 1995 Form 1040, signed on March 30, 1998. On the Form 1040, they included in gross income their previously reported wages. They also reported distributions of $3,334 and pensions and annuities of $6,967, totaling $10,301. Therefore, we deem that petitioners have

conceded the issue as to unreported income from the distributions.  In addition, petitioners completed Schedules C, D, and E.

On the revised 1995 Form 1040, petitioner listed himself as a "commodity broker" on Schedule C.  Although he testified that he has engaged in this activity since 1991 or 1992, petitioner has never earned income from his commodity trading activity. Petitioners claimed the following Schedule C expenses incurred in commodity trading for 1995:

|                           |        |
|---------------------------|--------|
| Car and truck expenses    | $450   |
| Advertising               | 50     |
| Commissions and fees      | 562    |
| Repairs and maintenance   | 978    |
| Supplies                  | 393    |
| Meals and entertainment   | 14     |
| Utilities                 | 255    |
| Other expenses            | [1] 614 |
| Total claimed expenses    | [2] 3,311 |

[1] Petitioners' other expenses include $164 for the Wall Street Journal and $450 paid to computer equipment suppliers.

[2] Petitioners' claimed Schedule C expenses should actually total $3,316.  No explanation for the discrepancy is given in the record, and it probably resulted from a mathematical error by petitioners.

Petitioners also claimed Schedule E losses in the amount of $3,435.[2]  Petitioners' claimed Schedule E losses were purportedly

[2]     Petitioners' claimed Schedule E losses include ordinary losses of $509 and net short-term losses in the amount of $2,936. Petitioners' claimed Schedule E losses should therefore actually total $3,445.  No explanation for the discrepancy is given in the
(continued...)

incurred by Capital Growth Fund, an S corporation,[3] and passed through to petitioners as the sole shareholders.  Petitioner listed Capital Growth Fund's business activity as "investment company" on Capital Growth Fund's 1995 Form 1120S, U.S. Income Tax Return for an S Corporation.  Capital Growth Fund did not earn any income for 1995.  Petitioners also calculated short-term capital losses of $7,543.  They claimed total Schedule D short-term capital losses for 1995 of $3,000 pursuant to the section 1211(b) limitation.

Petitioners listed their two children as dependents and claimed exemptions for them.  Apparently, respondent has no disagreement with these two additional exemption deductions.

Respondent asserted a claim for an increased deficiency in petitioners' 1995 Federal income tax pursuant to section 6214(a) in the Answer to Second Amended Petition filed on April 20, 1998. Respondent seeks to increase the deficiency by $13,711 on the basis of a computational error.  Respondent contends that the correct deficiency for 1995 on the basis of adjustments to gross income set forth in the notice of deficiency is $17,625 and not $3,914.  As previously stated, in the notice of deficiency

---

[2](...continued)
record, and it probably resulted from a mathematical error by petitioners.

[3]    Petitioners elected to make Capital Growth Fund an S corporation on Aug. 28, 1995.

respondent computed petitioners' corrected tax liability for 1995 as $17,625 and from this amount subtracted $13,711 representing tax shown on petitioners' return.  On line 54 of their Form 1040, petitioners reported zero tax liability.  This is a mistake and the correct deficiency based on the income tax return received November 20, 1996, is $17,625.

Discussion

1.  Schedules C and E Deductions

Petitioners contend that they are entitled to deduct expenses and losses incurred in trading activities conducted during 1995.  Petitioners claimed deductions for expenses and losses incurred in commodities trading on Schedules C and E of their 1995 Federal income tax return.

Deductions are a matter of legislative grace, and a taxpayer must be able to show that the deduction sought comes within the express provisions of the statute.  See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  All taxpayers are required to keep sufficient records to enable the Commissioner to determine their correct tax liability.  See sec. 6001; see also Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).

The deductions claimed by petitioners on their Schedules C and E are disallowed for lack of substantiation.  At trial, petitioners offered no documentation to support their claimed Schedules C and E deductions.  It is well settled that we are not

required to accept a taxpayer's self-serving testimony in the absence of corroborating evidence. See <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 212 (1992). Respondent is sustained on this issue.

2. <u>Schedule D Deductions</u>

Petitioners claimed a Schedule D short-term capital loss deduction in the amount of $3,000. Pursuant to section 1211(b), a taxpayer other than a corporation is limited to $3,000 in net capital losses in any given tax year. Under section 1212 any net capital losses that are disallowed as a result of the limitation in section 1211 may be carried forward to the next taxable year.

At trial, petitioners submitted a Form 1099-B which listed aggregate losses of $7,547.55 from futures contracts. Petitioners reported a Schedule D capital loss of $7,543 on their revised 1995 Form 1040.[4]

Accordingly, we hold that petitioners have substantiated and are entitled to claim a net short-term capital loss deduction of $3,000 for 1995 pursuant to section 1211(b).

3. <u>Addition to Tax for Failure To File a Timely Return</u>

Petitioners filed their 1995 Federal income tax return on November 20, 1996.

---

[4] There is no explanation in the record as to the difference between the amount listed on petitioners' 1995 Form 1099-B and the amount claimed by petitioners on the 1995 Schedule D.

Section 6651(a)(1) imposes an addition to tax for failure to file a timely tax return. The addition to tax is equal to 5 percent of the amount of the tax required to be shown on the return if the failure to file is not for more than 1 month. See sec. 6651(a)(1). An additional 5 percent is imposed for each month or fraction thereof in which the failure to file continues, to a maximum of 25 percent of the tax. See id. The addition to tax is imposed on the net amount due. See sec. 6651(b).

The addition is applicable unless a taxpayer establishes that the failure to file was due to reasonable cause and not willful neglect. See sec. 6651(a). In order to establish reasonable cause, a taxpayer must show that despite the existence of ordinary business care and prudence, the taxpayer was unable to file the required tax return within the prescribed time. See United States v. Boyle, 469 U.S. 241, 246 (1985); Crocker v. Commissioner, 92 T.C. 899, 913 (1989). "Willful neglect" means a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245.

We find that petitioners have not established that their failure to timely file their 1995 Federal income tax return was due to reasonable cause. Therefore, we hold that they are liable for an addition to tax under section 6651(a)(1) for 1995. Respondent is sustained on this issue.

4. <u>Addition to Tax for Failure To Pay Estimated Income Taxes</u>

Section 6654(a) imposes an addition to tax where prepayments of tax, either through withholding or estimated quarterly tax payments during the year, do not equal the percentage of total liability required under the statute. However, the addition to tax is not imposed if the taxpayer can show that one of several exceptions applies. See sec. 6654(e).

On the basis of the record, petitioners do not qualify for any of the exceptions listed in section 6654(e). Therefore, we hold that they are liable for the addition to tax pursuant to section 6654(a) for 1995. Respondent is sustained on this issue.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.